# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

**CASE NO.:** 21-62398-civ-Altonaga/Strauss

ANYI AGUILERA,

        Plaintiff,

v.

JM CELL LLC D/B/A BOOST MOBILE,
JM ILM LLC,
JAHONGIR MAMAJONOV,

        Defendants.

_____/

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF BILL OF COSTS

Plaintiff, ANYI AGUILERA, pursuant to Federal Rule of Civil Procedure 54(d)(1), Local Rule 7.3, 28 U.S.C. § 1920, 29 U.S.C. § 216(b), and the Final Judgment [ECF No. 33], hereby submits this Memorandum supporting Plaintiff's Bill of Costs, as follows:

## **MEMORANDUM OF LAW**

**I.    Plaintiff, as the prevailing party, is entitled to recover costs incurred pursuant to 28 U.S.C. § 1920, 28 U.S.C. § 1921, and Rule 54(d).**

The Eleventh Circuit has held that Rule 54(d) "creates a presumption in favor of awarding costs to the prevailing party" which the losing party must overcome. *Manor healthcare corp v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991); *Delta Airlines, Inc. v. August*, 450 U.S. 346, 352 (1981). In fact, Rule 54 specifically states that:

> Costs other than attorneys' fees *shall* be allowed as of course to the prevailing party unless the court otherwise directs.

(emphasis added). A district court's discretion to deny costs (in particular to a prevailing plaintiff under the Fair Labor Standards Act) is quite limited, as the courts have noted "[T]he language of the rule reasonably bears intendment that the prevailing party is *prima facie* entitled to costs and it is incumbent on the losing party to overcome that presumption … [since] denial of costs … is in the nature of a penalty for some defection on his part in the course of the litigation." *Gilchrist v. Bolger*, 733 F.2d 1551, 1557 (11th Cir. 1984).

Pursuant to 28 U.S.C. § 1920, taxable costs include:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920 (2008). Additionally, Plaintiff is entitled to costs pursuant to 29 U.S.C. § 216(b).

### A. Fees of the Clerk and Marshal

Pursuant to § 1920(1), "fees of the clerk and marshal" may be taxed as costs. This includes service of process costs. Although § 1920(1) specifically mentions the term "marshal," since the Marshal's Service rarely serves process anymore, the current trend is to read § 1920 as contemplating costs for the service of process in general. *EEOC v. W&O, Inc.*, 213 F.3d 600, 623 (11th Cir. 2000)(holding that private process server fees may be taxed under § 1920); *Collins v. Gorman*, 96 F.3d 1057 (7th Cir. 1996); *Alflex Corp. v. Underwriters Labs., Inc.*, 914 F.2d 175 (9th Cir. 1990); *Tang How v. Edward J. Gerritts, Inc.*, 756 F. Supp. 1540, 1545 (S.D. Fla. 1991)(J., Davis); *American United Life Ins. V. American United Ins.*, 731 F. Supp. 480, 489 (S.D. Fla. 1990)(J., King); *Allen v. Freeman*, 122 F.R.D. 589, 592 (S.D. Fla. 1988); *Griffith v. Mt. Carmel Medical Ctr.*, 157 F.R.D. 499, 507 (D. Kan. 1994); and *Frederick v. City of Portland*, 162 F.R.D. 139, 142 (D. Or. 1995).

The Eleventh Circuit has held that § 1920(1), read in conjunction with § 1921,[1] authorizes a court to tax private process servers' fees as costs, provided that their rates do not exceed the cost of having the U.S. Marshall's Service effectuate process. *W&O, Inc.* 213 F.3d at 623-24. When the Marshal's Service serves process, its rate is $55.00 per hour for each item served, plus travel and other out-of-pocket costs.

Plaintiff incurred the following costs associated with fees of the clerk and fees for service of process in this case:

---

[1] Section 1921(a) sets forth the types of activities for which U.S. Marshals may collect a fee; serving a subpoena is one activity for which they may collect. Under § 1921(b), the Attorney General may prescribe regulations concerning the fees that may be charged by the Marshall's Service. Those regulations are set forth in 28 C.F.R. § 0.114.

| Date | Type | Description | Cost |
|---|---|---|---|
| 10/19/21 | Filing Fee | Complaint | $ 446.09 |
| 11/4/21 | Service of Process | JM CELL, LLC | $ 41.00 |
| 11/4/21 | Service of Process | JM ILM, LLC | $ 41.00 |
| 11/30/21 | Service of Process | MAMAJONOV, JAHONGIR | $ 41.00 |
| | | **Total** | **$ 569.09** |

**Exhibit A** are invoices for service of process.

### B. Copying Costs

Photocopying is a taxable cost pursuant to 28 U.S.C. § 1920(4). *Scroggins v. Air Cargo, Inc.*, 534 F.2d 1124, 1133 (5th Cir. 1975). Generally, a prevailing party may recover the costs of photocopies of documents attributable to discovery, pleadings, correspondence, copies of exhibits, documents tendered to opposing counsel, and document submitted to the Court for consideration. *See, e.g., Brewer-Giorgio v. Bergman*, 985 F. Supp. 1478, 1485 (N.D. Ga. 1997); *Grady v. Bunzl Packaging Supply Co.*, 161 F.R.D. 477, 479 (N.D. Ga. 1995); *Desisto College, Inc. v. Town of Howey-in-the-Hills*, 718 F. Supp. 906, 913 (M.D. Fla. 1989)(finding that "[c]opies attributable to discovery' are a category of copies recoverable under § 1920(4)).

Plaintiff is seeking **$1,947.45** in copying costs at the rate of $0.15 per page. *See Allen v. Freeman*, 122 F.R.D. 589, 591 (S.D.Fla.1988)(rate of $0.15 per page for copying costs was reasonable). **Exhibit B** are the itemized copying costs.

## II. Plaintiff is entitled to interest flowing from the date of the Final Judgment on any and all costs taxed by the Court.

Plaintiff is entitled to interest flowing from the date of the Final Judgment on any and all costs taxed by the Court. *BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1052 (11th Cir. 1994) (holding that "interest shall accrue on Paine Webber's taxable costs from the date the court entered final judgment in favor of Paine Webber on the merits of BankAtlantic's action, November 24, 1989"—BankAtlantic asserted that the cost interest should run from July 3, 1991, the day the district court adopted the magistrate's report and recommendation as to costs); *Georgia Ass'n of Retarded Citizens v. McDaniel*, 855 F.2d 794, 799 (11th Cir. 1988) (holding that "[w]e conclude that when a district court taxes costs against a losing party, the award of costs bears interest from the date of the original judgment"). At least one district court in the Southern District has expressly followed *BankAtlantic* on this point. *Chiever v. R.J. Schor, Inc.*, 2008 WL 4097795 (S.D. Fla. 2008). Other courts have followed *Georgia* and interpreted the law in this regard in the same manner as *BankAtlantic* without mentioning *BankAtlantic*. *See, e.g.*, *Lane v. Capital Acquisitions Management and Co.*, 554 F. Supp. 2d 1345, 1355 (S.D. Fla. 2008) and *Navarro v. Broney Automotive Repairs, Inc.*, 2008 WL 2901440 (S.D. Fla. 2008). Other circuits follow this rubric as well. *Jenkins by Agvei v. Missouri,* 931 F.2d 1273 (8th Cir. 1991); *Copper Liquor, Inc. v. Adolph Coors Co.,* 701 F.2d 542 (5th Cir. 1983); and *Finkelstein v. Bergua,* 804 F. Supp. 1235, 1240 (N.D. Cal. 1992).

**III.     Conclusion**

Based on the foregoing, Plaintiff respectfully requests that this Court tax the following costs against Defendants, in addition to interest accrued:

| SECTION | DESCRIPTION | COST | |
|---|---|---|---|
| 28 U.S.C. § 1920(1) | Fees of the Clerk and Marshal | $ | 569.09 |
| 28 U.S.C. § 1920(4) | Copy Costs | $ | 1,947.45 |
| | Total | $ | 2,516.54 |

Respectfully submitted,

Koz Law, P.A.
800 East Cypress Creek Road, Suite 421
Fort Lauderdale, Florida 33334
Tel:    (786) 924-9929
Fax:    (786) 358-6071
Email: ekoz@kozlawfirm.com

_____
Elliot Kozolchyk, Esq.
Bar No.: 74791

**CERTIFICATE OF GOOD FAITH CONFERRAL**

Undersigned counsel has conferred with Defendants' counsel pursuant to Local Rule 7.1.A.3., and Defendants' position is that it does not oppose the filing fee or service, but opposes the copying costs.

_____
Elliot Kozolchyk, Esq.