UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-62398-CIV-ALTONAGA/Strauss

**ANYI AGUILERA**,

      Plaintiff,
v.

**JM CELL LLC**, *et al.*,

      Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court upon Plaintiff, Anyi Aguilera's Verified Motion for Attorney's Fees Pursuant to 29 U.S.C. [Section] 216(B) [ECF No. 39], filed on May 9, 2022, with a billing statement [ECF No. 39-1]. Defendants, JM Cell LLC, JM ILM LLC, and Jahongir Mamajonov, filed a Response [ECF No. 47], to which Plaintiff filed a Reply [ECF No. 52]. The Court has carefully considered the parties' written submissions, the record, and applicable law.

### I.    BACKGROUND

Plaintiff filed this Fair Labor Standards Act[1] suit against Defendants on October 19, 2021. (*See generally* Notice of Removal, Ex. A, Compl. [ECF No. 1-2]). Defendants removed the action on November 24, 2021. (*See generally* Notice of Removal [ECF No. 1]). On March 11, 2022, the Court granted Plaintiff's Motion for Entry of Judgment [ECF No. 31] and entered Final Judgment [ECF No. 33] in Plaintiff's favor. (*See* Mar. 11, 2022 Order [ECF No. 32] 1).

Plaintiff now seeks attorneys' fees in the amount of $57,307.50 for 127.35 hours of work

---

[1] 29 U.S.C. §§ 201–19.

at an hourly rate of $450.[2] (*See* Mot. 4). Plaintiff also requests an award of additional fees and costs associated with collecting the underlying FLSA judgment and fees, along with post-judgment interest. (*See id.* 5). In opposing the requested fees of $57,307.50, Defendants argue that the fees are inflated, and the associated time records are unreliable and unreasonable. (*See* Resp. 1–2). Defendants request that the Court award attorneys' fees to Plaintiff in the amount of $11,250 for 30 hours of work at a rate of $375 per hour, which Defendants state is a reasonable number of hours at a reasonable rate for the work performed by Plaintiff's counsel, Elliot Kozolchyk. (*See* Resp. 13–14).

## II. DISCUSSION

A prevailing plaintiff in an FLSA case is entitled to an award of reasonable attorneys' fees and costs. *See* 29 U.S.C. § 216(b) ("The court in [FLSA] action[s] shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." (alterations added)).

The burden of establishing that the fee request is reasonable rests with the fee applicant, who must supply the court with "specific and detailed evidence" in an organized fashion. *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). Plaintiff bears the burden of establishing the requested hourly rates are reasonable ones, *cf. Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994); and that the fees do not arise from "hours that are excessive, redundant, or otherwise unnecessary," *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *see also ACLU of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999). The Court is "an expert on the

---

[2] Plaintiff requests $52,560 for 116.8 hours of work at a rate of $450 per hour and $57,407.50 for 127.35 hours of work at a rate of $450 per hour. (*See* Mot. 2, 4). The 10.55-hour difference between the two requests is left unexplained by Plaintiff and unquestioned by Defendants. (*See generally id.*, Resp., and Reply). Because Plaintiff's counsel's Billing Statement totals $57,407.50 for 127.35 hours of work at a rate of $450 per hour, the Court considers that amount and not the other. (*See generally* Mot., Ex. A, Plaintiff's Counsel's Billing Statement ("Billing Statement")).

question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman*, 836 F.2d at 1303 (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)). Consequently, on a motion for attorneys' fees, the Court is not required to hold a hearing and does not do so here. *See id.* at 1304; *see also Thompson v. Pharmacy Corp. of America*, 334 F.3d 1242, 1245 (11th Cir. 2003) (citing *Norman*, 836 F.2d at 1303).

The Court is "not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Barnes*, 168 F.3d at 428. Furthermore, in determining what is a reasonable hourly rate and what number of compensable hours is reasonable, the Court considers the 12 factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *See Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (alteration added; footnote call number omitted). Those factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 1350 n.2 (citation omitted); *see also Fla. Patient's Comp. Fund v. Rowe*, 472 So. 2d 1145, 1150 (Fla. 1985). The Court begins by evaluating the reasonableness of Plaintiff's requested hourly rate of $450.

CASE NO. 21-62398-CIV-ALTONAGA/Strauss

**A. Reasonable Hourly Rate**

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299 (citations omitted). Plaintiff bears the burden of demonstrating with satisfactory evidence that her counsel's rate is reasonable. *See Brooks v. Peer Rev. Mediation & Arb., Inc.*, No. 11-61630-Civ, 2012 WL 5410405, at *3 (S.D. Fla. Nov. 6, 2012). Evidence may consist of direct evidence of charges by lawyers under similar circumstances or opinion evidence. *See Norman*, 836 F.2d at 1299. "Typically, a fee applicant provides an expert affidavit to support the reasonableness of the hourly rates sought." *Tiara Condo. Ass'n, Inc. v. Marsh USA, Inc.*, 697 F. Supp. 2d 1349, 1363 (S.D. Fla. 2010) (citations omitted). Yet, on the issue of a reasonable rate, the Court itself is considered an expert and can make an informed decision about a proper hourly rate even without outside testimony. *See Norman*, 836 F.2d at 1303; *see also Loranger*, 10 F.3d at 781.

Plaintiff's fee request is based on a rate of $450 per hour, which differs from the rate of $400 per hour in Plaintiff's applicable fee agreement. (*See* Mot. 2). Plaintiff argues the higher rate is warranted because Mr. Kozolchyk has been "practicing exclusively in labor and employment law for over 12 years" and a rate of $450 per hour is "commensurate with current market rates, [Mr. Kozolchyk's] experience, and the results obtained." (*Id.* 2 n.1, 4 (alteration added)). As support, Plaintiff cites to Judges in this District who have awarded rates of $450 per hour to an attorney who practiced employment law for over ten years, *see James v. Wash Depot Holdings, Inc.*, 489 F. Supp. 2d 1341, 1350 (S.D. Fla. 2007); $400 per hour to Mr. Kozolchyk in another FLSA case, *see Kalabushchankau v. Devolro Grp. LLC*, No. 19-Civ-60628, Order Granting Motion for Default Judgment [ECF No. 26], filed July 31, 2019 (S.D. Fla. 2019); and $400 per hour to an eighth-year associate, *see Valley v. Ocean Sky Limo*, 82 F. Supp. 3d 1321,

1329 (S.D. Fla. 2015). Defendants counter that a reasonable rate for Plaintiff's counsel is $375 per hour because that is the rate that Judges in this District have awarded him in 2022 and 2021. (*See* Resp. 5–6).

Of the rates suggested by the parties, the Court finds the hourly rate of $400 to be reasonable. While the court in *James* awarded a rate of $450 per hour to an attorney practicing employment law for over 10 years, the attorney in that case had practiced law in Florida for over 30 years. *See James*, 489 F. Supp. 2d at 1350. In contrast, Mr. Kozolchyk was admitted to the Florida Bar on December 18, 2009 — fewer than 13 years ago. *See Member Profile: Elliot Ari Kozolchyk*, The Florida Bar, https://www.floridabar.org/directories/find-mbr/profile/?num=74791.

Plaintiff notes that Defendants — who recommend Mr. Kozolchyk receive an hourly rate of $375 in this case — failed to comply with Local Rule 7.3(a), which requires that a party challenging an hourly rate provide "its firm's hourly rates for the matter and include any contingency, partial contingency, or other arrangements that could change the effective hourly rate." S.D. Fla. L.R. 7.3(a); (*see* Resp. 5–6; Reply 8). Based on Defendants' rule violation, the Court's review of the relevant *Johnson* factors and the case record, and Plaintiff's citations to similar circumstances where like-attorneys were compensated at a rate of $400 per hour, the Court finds that an hourly rate of $400 is reasonable for Mr. Kozolchyk.

The Court now turns to the reasonableness of Plaintiff's request that Mr. Kozolchyk be compensated for 127.35 hours of work.

1. **Reasonable Number of Hours**

Fees arising from "hours that are excessive, redundant, or otherwise unnecessary" should be excluded from an award of attorneys' fees. *Hensley*, 461 U.S. at 434. The party seeking fees must supply the court with "'specific and detailed evidence' in an organized fashion." *Machado*

*v. Da Vittorio, LLC*, No. 09-23069-Civ, 2010 WL 2949618, at *1 (S.D. Fla. July 26, 2010) (quoting *Norman*, 836 F.2d at 1303). The party objecting must supply "specific and reasonably precise" "proof . . . concerning hours that should be excluded." *Barnes*, 168 F.3d at 428 (alteration added; quotation marks omitted; quoting *Norman*, 836 F.2d at 1301).

If the court finds the number of hours claimed to be unreasonable, it has two choices: "conduct an hour-by-hour analysis or . . . reduce the requested hours with an across-the-board cut." *Bivins*, 548 F.3d at 1350 (alteration added; citation omitted). "Our circuit's precedent states that the district court is to apply either method, not both." *Id.* at 1351 (citing *Loranger*, 10 F.3d at 783). "The reason for this is easy to understand: by requiring the district court to conduct either analysis instead of both, we ensure that the district court does not doubly-discount the requested hours[.]" *Id.* at 1351–52 (alteration added; footnote call number omitted).

"Although an hour-by-hour approach is sometimes preferable, 'fee documentation can be so voluminous as to render an hour-by-hour review impractical.'" *Roy v. Bd. of Cnty. Comm'rs, Walton Cnty., Fla.*, No. 3:06-cv-95, 2012 WL 8013976, at *4 (N.D. Fla. Nov. 1, 2012), *report and recommendation adopted*, 2013 WL 1883247 (N.D. Fla. May 6, 2013) (quoting *Loranger*, 10 F.3d at 783). Again, "[i]f the court concludes that the number of claimed hours is excessive, it may engage in 'an across-the-board cut,' so long as it provides adequate explanation for the decrease." *Galdames v. N&D Inv. Corp.*, 432 F. App'x 801, 806 (11th Cir. 2011) (alteration added; quoting *Bivins*, 548 F.3d at 1350); *see also Loranger*, 10 F.3d at 783 ("[The across-the-board] approach does not relieve district courts of the requirement to concisely but clearly articulate their reasons for selecting specific percentage reductions." (alteration added; citation omitted)).

Plaintiff is requesting that her counsel be granted attorneys' fees for 127.35 hours of work (*see* Mot. 4), while Defendants ask the Court to base the fees on 30 hours of work (*see* Resp. 13). This 97.35-hour difference seemingly corresponds to Defendants' request that the Court eliminate

6

96.9 hours of counsel's post-Complaint review and preparation of his client's over 12,000-pages of documents, which Defendants assert amounted to merely adding "Bates stamp numbers" to the documents. (Resp. 1, 7, 13). Defendants also argue that Plaintiff's counsel's time records are unreliable because the billing statement's spreadsheet format provides no indication of what day and time each entry was entered. (*See id.* 6).

Contrary to Defendants' calculation of 96.9 hours, Mr. Kozolchyk's post-Complaint review and preparation of his client's documents in fact totals 98.6 hours. (*See* Billing Statement 1–4; Resp. 1). Defendants appear to have overlooked Mr. Kozolchyk's February 10, 2022 entry of 1.7 hours with the description "[r]eviewed documents bates numbered PLA04391 through PLA04562." (Billing Statement 3 (alteration added)). Despite this omission by Defendants, the Court is still obligated to assess the reasonableness of Plaintiff's fee request, which includes that entry. *See Barnes*, 168 F.3d at 428. Based on a review of the Billing Statements and relevant *Johnson* factors, the 28.75 hours for work outside of the review and preparation of Plaintiff's documents are reasonable.[3] (*See generally* Billing Statement).

The Court now turns to the parties' arguments about the reasonableness of the 98.6 hours related to the review and preparation of Plaintiff's documents.

Defendants first criticize 12.9 hours claimed for Mr. Kozolchyk's review of "59 separate payroll spreadsheets[,]" which counsel reviewed in batches between October 22, 2021 and

---

[3] In two short paragraphs, Defendants object to some of the entries related to the other 28.75 hours of the Billing Statement. (*See* Resp. 12–13). As Plaintiff notes (*see* Reply 8), the objections fail to follow Local Rule 7.3(a), which requires that "respondent shall describe with reasonable particularity each time entry or nontaxable expense to which it objects, both as to issues of entitlement and as to amount, and shall provide supporting legal authority." S.D. Fla. L.R. 7.3(a). The objections in the first short paragraph cite legal authority for excessive billing for recycled work without any attempt to apply the authority to this case, and the objections in the second shorter paragraph fail to cite any legal authority. (*See* Resp. 12–13). Given that the other 28.75 hours appear reasonable, the Court turns to the challenged 98.6 hours of preparation and review of Plaintiff's documents. *See Club Madonna, Inc. v. City of Miami Beach*, No. 13-23762-Civ, 2015 WL 5559894, at *9 (S.D. Fla. Sept. 22, 2015) ("failure to comply with Local Rule 7.3 is grounds for granting the [moving parties'] fees, if otherwise reasonable") (alteration added).

November 11, 2021. (Resp. 7–8 (alteration added)). Defendants critique how the analysis took place after the Complaint and Statement of Claim were filed, involving varying amounts of time for the review of different batches of exactly 59 pages of spreadsheets. (*See id.* 8). According to Plaintiff, the looming "FLSA[] 3-year statute of limitations" prevented a thorough review of the documents before the Complaint and Statement of Claim were filed. (Reply 3 [alteration added]). Plaintiff adds that the reason there are multiple entries for 59 spreadsheets is because they were being reviewed as a group to find "patterns," and the analysis could not be performed in one day. (*Id.* 5).

Defendants next object to Mr. Kozolchyk's billing of 24 hours for the review of his client's documents between November 13, 2021 and January 18, 2022. (*See* Resp. 8–9). Defendants point out that the review happened after the Complaint was filed; some of the review occurred before the case was removed on November 24, 2021; and the review happened sporadically throughout that period. (*See id.* 9). Mr. Kozolchyk responds that he "steadily worked my way through the review of Aguilera's Documents. I was able to review more during some weeks and less during others." (Reply 5).

Defendants find the claimed 8.3 hours of document review between January 28, 2022 and February 4, 2022 "particularly objectionable" because it occurred while Mr. Kozolchyk was in a jury trial for another matter. (Resp. 9). Plaintiff insists that the review occurred only on some of the evenings after trial since the work was not "mentally rigorous" and needed to be done because a settlement conference for this action was set for February 25, 2022. (Reply 6).

Defendants also find excessive counsel's billing of 10.5 hours between February 10 and February 11, 2022 for preparing his client's documents. (*See* Resp. 7). This preparation appears to have consisted of adding bates numbers — PLA00001-12988 — to 12,983 pages of documents, scanning physical documents, and sending a link with 14 PDFs of the documents to Defendants.

8

(*See* Reply 7). Defendants point out that none of the produced documents was redacted, and counsel's time entries dating back to October 2021 mention specific bates numbers, calling into question when the bates numbers were added. (*See* Resp. 11–12).

Finally, Defendants object to the 41.2 hours[4] of billing for counsel's review of documents that occurred between February 12 and February 24, 2022. (*See* Resp. 11). Specifically, Defendants point out that this review took place after documents were already produced to them. (*See id.*). To this objection, Mr. Kozolchyk explains that "I performed a cursory review of a sampling of the documents early on and knew they were documents relevant to [Plaintiff]'s claims, but I did not have sufficient time to review all the documents before [they were produced to Defendants]." (Reply 6–7 (alterations added)).

The Court finds multiple problems with the 98.6 billable hours related to the review and preparation of Plaintiff's documents; consequently, a 10 percent reduction to those hours is warranted. First, the vague descriptions — "Reviewed documents" and "Prepared documents" — provide scant information to justify dozens of billable hours and are a form of block billing in that "reviewed" and "prepared" imply multiple actions, but such simplistic descriptions obfuscate what is involved. (*See* Billing Statement 2–4). With respect to the review of 59 spreadsheets, the Court is troubled by the repeated use of the same time entry description without any indication of how many pages were reviewed per entry. (*See* Billing Statement 1–2). As such, the entries associated with the 98.6 billed hours appear excessive. *See United Food Mart, Inc. v. Motiva Enters., LLC.*, No. 04-60539-Civ, 2006 WL 3068820, at *4–5 (S.D. Fla. Feb. 8, 2006) (finding a ten percent

---

[4] Defendants claim that the review of documents "bates numbered PLA0453 [sic] through PLA10357" totaled an "additional whopping 42.2 hours" and were "block-billed at an increasing pace of 6-7 hours per instance on 2/12/22, 2/19/22, 2/20/22, 2/23/22, and 2/24/22." (Resp. 11). Yet, the entries for the review of documents bates numbered PLA04563 through PLA10367 total 41.2 hours and occurred on 2/12/22 (2.5 hours), 2/19/22 (6.8 hours), 2/20/22 (6.4 hours), 2/21/22 (6.7 hours), 2/22/22 (5.7 hours), 2/23/22 (6.8 hours), and 2/24/22 (6.3 hours). (*See* Billing Statement 3–4).

reduction was appropriate where entries were vague, involved block billing, and some entries appeared excessive).

Second, the time entries in question were not created contemporaneously with the corresponding work. Billing Statement entries dating back to November 2021 mention bates numbers, but Plaintiff's counsel only created the bates numbers in February 2022. (*See* Reply 7). Mr. Kozolchyk states that when he prepared the documents in February 2022, he "correlated [progress with the bates numbers] to corresponding bates numbers in the Billing Statement" which indicates that he modified the pre-February 2022 Billing Statement entries months after the corresponding work was completed. *See Andre v. Gonzalez*, No. 10-20536-Civ, 2011 WL 13220244, at *4 (S.D. Fla. Sept. 13, 2011), *report and recommendation adopted*, 2012 WL 13008252 (S.D. Fla. Feb. 27, 2012) (finding that counsel's failure to maintain contemporaneous billing records resulting in insufficient and vague time entries warranted a percentage reduction in counsel's claimed fees).

Finally, some of the work associated with the time entries in question appears to be clerical or secretarial in nature given that the preparation of Plaintiff's documents involved "paper documents that were scanned." (Reply 7); *see Hansen v. Deercreek Plaza, LLC*, 420 F. Supp. 2d 1346, 1353 (S.D. Fla. 2006) ("[W]ork that is clerical or secretarial in nature is not separately recoverable." (alteration added; quotation marks and citation omitted)).

The 10 percent reduction to the 98.6 hours of review and preparation work amounts to a reduction of 9.86 hours. As such, a reasonable number of hours for Plaintiff's counsel is 117.49 hours, which is the 127.35 hours in the Billing Statement reduced by 9.86 hours.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff is entitled to recover $46,996.00 in reasonable attorneys' fees and costs, representing 117.49 hours of work multiplied by an hourly rate of $400.

Plaintiff is also entitled to interest under 28 U.S.C. section 1961. As to Plaintiff's request for reasonable fees and costs associated with the collection of the underlying FLSA judgment and fees, the Court has previously found such a request reasonable and does so again here. *See Cruz v. Paver Designs of Miami Dade Inc.*, No. 14-22938-Civ, 2014 WL 12539726, at *2 (S.D. Fla. Sept. 22, 2014)*; see also DiFrancesco v. Home Furniture Liquidators*, Inc., No. 06-21709-Civ, 2009 WL 36550, at *5 (S.D. Fla. Jan. 6, 2009). Accordingly, it is

**ORDERED AND ADJUDGED** that Plaintiff's Verified Motion for Attorney's Fees Pursuant to 29 U.S.C. [Section] 216(B) **[ECF No. 39]** is **GRANTED in part** as follows:

1. The Court finds, based on the evidence presented, that Plaintiff's reasonable and recoverable attorney's fees total $46,996.00, and Plaintiff is awarded these fees, which shall bear interest at the rate prescribed by 28 U.S.C. section 1961.

2. Plaintiff is entitled to reasonable fees and costs associated with the collection of the underlying FLSA judgment and fees.

**DONE AND ORDERED** at Miami, Florida, this 30th day of August, 2022.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc: counsel of record