UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-62398-ALTONAGA/STRAUSS

ANYI AGUILERA,

    Plaintiff,
v.

JM CELL LLC, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER came before the Court upon Defendants' Motion to Vacate Judgment Pursuant to Rule 60(b)(4) and for an Evidentiary Hearing ("Motion") [DE 77], which has been referred to me to take all necessary and proper action as required by law [DE 81]. I have reviewed the Motion, the Response [DE 80] and Reply [DE 84] thereto, and all other pertinent portions of the record. For the reasons discussed herein, I respectfully **RECOMMEND** that the District Court **DENY** the Motion [DE 77].

## BACKGROUND

On February 25, 2022, Defendants' counsel served an Offer of Judgment [DE 31-1] on Plaintiff's counsel. On March 10, 2022, Plaintiff filed a Notice of Acceptance of Defendants' Offer of Judgment and Motion for Entry of Judgment [DE 31]. The following day (March 11, 2022), the Court entered an Order [DE 32] granting that motion, as well as a separate Final Judgment [DE 33].

On July 26, 2023, more than a year after the Final Judgment was entered, Defendants filed the instant Motion. Therein – and in an attached declaration [DE 77-1] – they contend that the

Final Judgment is void because Defendants' former counsel served the Offer of Judgment without Defendants' authorization and refused to withdraw the Offer of Judgment when Defendants instructed counsel to do so (the day after it was served). Additionally, Defendants assert that their former counsel did not notify them that the Offer of Judgment was accepted or that the Court entered the Final Judgment. Defendants' former counsel has submitted a declaration [DE 80-1] directly contrary to Defendants' declaration [DE 77-1]. Specifically, Defendants' former counsel asserts that the foregoing statements made by Defendants (in paragraphs 8-12 of their declaration) are "categorically false." With their reply, Defendants submitted an additional declaration [DE 84-1] stating that their former counsel's statements are inaccurate.

## ANALYSIS

Although the declarations submitted by Defendants and their former counsel reveal a factual dispute, the Court need not resolve that dispute. That is because even if the Court were to resolve the factual dispute in favor of Defendants, Defendants still would not be entitled to relief under Rule 60(b)(4).

Under Rule 60(b)(4), the Court may relieve a party from a final judgment if "the judgment is void." Fed. R. Civ. P. 60(b)(4). "Rule 60(b)(4) relief is limited to situations where a judgment was issued without jurisdiction or in violation of due process." *Bainbridge v. Governor of Fla.*, No. 22-10525, --- F. 4th ---, 2023 WL 4986412, at *5 (11th Cir. Aug. 4, 2023). In other words, "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id.* (quoting *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010)). "A judgment is not void 'simply because it is or may have been erroneous.'" *Id.* (quoting *Espinosa*, 559 U.S. at 270). Rather, a "void judgment is one so affected by a fundamental

infirmity that the infirmity may be raised even after the judgment becomes final. The list of such infirmities is exceedingly short; otherwise, Rule 60(b)(4)'s exception to finality would swallow the rule." *Id.* (quoting *Espinosa*, 559 U.S. at 270).

Noticeably absent from the Motion is any argument that the Final Judgment was issued without jurisdiction or in violation of due process. At any rate, Defendants do argue in their Reply that they were denied due process.[1] They were not.

As Defendants note in their Motion and Reply, "[a]n unauthorized compromise, executed by an attorney, unless subsequently ratified by his client, is of no effect and may be repudiated or ignored and treated as a nullity by the client." *BP Prod. N. Am., Inc. v. Oakridge at Winegard, Inc.*, 469 F. Supp. 2d 1128, 1134 (M.D. Fla. 2007) (quoting *Vantage Broadcasting Co. v. WINT Radio, Inc.*, 476 So. 2d 796, 798 (Fla. 1st DCA 1985)). Additionally, they note that a party seeking to enforce a settlement agreement under Florida law "must establish that counsel for the opposing party was given the clear and unequivocal authority to settle the case by his or her client." *Id.* (citing *Spiegel v. H. Allen Holmes, Inc.*, 834 So. 2d 295, 297 (Fla. 4th DCA 2002)). But this case does not come before the Court on a motion to enforce a settlement. Rather, it is before the Court on a Rule 60(b)(4) motion that was filed more than a year after the entry of judgment.

---

[1] Defendants do not argue that the Court did not have jurisdiction to enter the Final Judgment, and it clearly did (it had both subject matter jurisdiction and personal jurisdiction over Defendants). Moreover, "[f]ederal courts considering Rule 60(b)(4) motions that assert a judgment is void because of a jurisdictional defect generally have reserved relief only for the exceptional case in which the court that rendered judgment lacked *even an 'arguable basis' for jurisdiction*." *Espinosa*, 559 U.S. at 271 (citations omitted) (emphasis added); *see also Bainbridge*, 2023 WL 4986412, at *5 n.4 (same); *Sec. & Exch. Comm'n v. Novinger*, 40 F.4th 297, 303 (5th Cir. 2022) ("If a court has both subject matter and personal jurisdiction, then the only inquiry is whether the district court acted in a manner so inconsistent with due process as to render the judgment void." (internal quotations marks, citation, and alteration omitted)).

Accepting Defendants' version of events as true,[2] Defendants' former counsel did not have clear and unequivocal authority to serve the offer of judgment or settle this matter on behalf of Defendants. Therefore, Plaintiff's mere acceptance of the offer would not have created an enforceable agreement between the parties. But simple acceptance is not all that occurred here. Rather, the Court entered a Final Judgment consistent with the Offer of Judgment (and as discussed below, the entry of judgment was mandatory). And Defendants' syllogism – that the lack of an enforceable agreement between the parties means the Court acted in violation of due process and the Final Judgment is void – does not hold.

As Judge Jordan has persuasively explained in an analogous case, "a settlement is a contract, and a judgment is not. 'The parties' contract being void is not the same as the judgment itself being void.'" *Farmamedica, S.A. v. Ana Eloisa Alfaro De Maron*, No. 07-20944-CIV, 2011 WL 13173519, at *3 (S.D. Fla. July 14, 2011), *aff'd* 461 F. App'x 918 (11th Cir. 2012) (citation omitted). Thus, even accepting that any settlement between the parties would have been void here does not necessarily mean that the Court's Final Judgment would have likewise been void. In *Farmamedica*, the court entered a final judgment after the plaintiff accepted an offer of judgment served by defense counsel. *Id.* at *1. A few years later, the defendant sought relief from the judgment under Rule 60(b)(4) and (6), arguing that the judgment was void because her attorney was not authorized to make an offer of judgment or settle the matter. *Id.* at *1-2. The court – accepting the defendant's version of events as true, *see id.* at *1 n.1 – rejected the defendant's Rule 60(b)(4) argument, finding that the defendant failed to establish a due process violation and, as

---

[2] While I accept Defendants' version of events as true for purposes of the Motion, I do so only because it is unnecessary to resolve the factual dispute presented by the competing declarations. In other words, I am not finding that Defendants' former counsel actually did what Defendants accuse him of doing (something counsel vehemently denies doing).

4

noted above, that a void settlement did not equate to a void judgment. *Id.* at *3. The court explained that "a court does not act inconsistently with due process when it acts under the assumption that a party's attorney has authority to file what he or she files with the court." *Id.* (citing *Larson v. Heritage Square Assocs.*, 952 F.2d 1533, 1537 (8th Cir. 1992)).[3] For the reasons persuasively explained in *Farmamedica*, Defendants' Rule 60(b)(4) argument likewise fails here.

In their Reply, Defendants contend that binding Eleventh Circuit case law supports their request for relief under Rule 60(b)(4). *See* [DE 84] at 3-4 (referencing *Burke v. Smith*, 252 F.3d 1260 (11th Cir. 2001)). *Burke* does not help Defendants. In *Burke*, the trial court dismissed the action upon the settlement of the parties, a settlement that included settling a minor's claim. *Burke*, 252 F.3d at 1262. Although the case was a diversity action and although state substantive law required that the court hold a fairness hearing to bind a minor to a settlement, the court did not hold a fairness hearing. *See id.* at 1262-66 & n.6. Therefore, the Eleventh Circuit found that the judgment was void under Rule 60(b)(4). *Id.* at 1266-67. In doing so, the Eleventh Circuit explained that a judgment "is void for Rule 60(b)(4) purposes if the rendering court was powerless to enter it" and that "at least one other circuit has held that a consent judgment is void where the parties fail to follow state requirements regarding the settlement of a minor's claim." *Id.* at 1263 (citations omitted).

---

[3] The court in *Farmamedica* did find that the defendant's version of events would have entitled her to relief under Rule 60(b)(1) had she brought her motion within the 1-year deadline for bringing a Rule 60(b)(1) motion. *See id.* at *2. In fact, the court explained that "[m]odern cases denominate a motion to vacate based on an attorney lacking authority to enter into a settlement agreement as a Rule 60(b)(1) motion based on mistake or inadvertence." *Id.* (citations omitted). In this case, the Motion was likewise filed after the 1-year deadline for bringing a Rule 60(b)(1) motion. Of course, the same deadline does not apply to a Rule 60(b)(4) motion, but Defendants are not entitled to relief under Rule 60(b)(4) for the reasons explained in this Report.

5

*Burke* is inapposite. In *Burke*, judgment was entered without the due process mandated by applicable state law. In this case, however, the Court was not required to hold a hearing before entering judgment. Moreover, unlike the court in *Burke*, this Court was not powerless to enter judgment. On the contrary, the entry of judgment here was mandatory when Plaintiff notified the Court that she accepted an Offer of Judgment from Defendants. *See Webb v. James*, 147 F.3d 617, 621 (7th Cir. 1998) ("Rule 68 operates automatically, requiring that the clerk 'shall enter judgment' upon the filing of an offer, notice of acceptance and proof of service. This language removes discretion from the clerk or the trial court as to whether to enter judgment upon the filing of the accepted offer. Because of this mandatory directive, the district court has no discretion to alter or modify the parties' agreement. 'Entry of a Rule 68 judgment is ministerial rather than discretionary.' Thus, there is no opportunity for a district court to even consider allowing rescission of the Rule 68 'contract.' Once the acceptance has been properly filed, judgment must be entered." (internal citations omitted)); *see also Jordan v. Time, Inc.*, 111 F.3d 102, 105 (11th Cir. 1997); *Gonzalez v. Chinatown Hotel Corp.*, 808 F. App'x 999, 1001 (11th Cir. 2020); *Util. Automation 2000, Inc. v. Choctawhatchee Elec. Co-op., Inc.*, 298 F.3d 1238, 1250 (11th Cir. 2002) (Marcus, J., concurring). Therefore, not only did the Court have the power to enter the Final Judgment, it was obligated to do so. Accordingly, the Final Judgment is not void.[4]

---

[4] While the Motion should be denied for the reasons discussed above, the Motion could also be denied as untimely. Generally, Rule 60(b) motions "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). However, the Eleventh Circuit has held that this "reasonable time" requirement does not apply to Rule 60(b)(4) motions. *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126, 1130-31 (11th Cir. 1994). Nonetheless, the Supreme Court has also made clear that "Rule 60(b)(4) does not provide a license for litigants to sleep on their rights." *Espinosa*, 559 U.S. at 275; *see also Bainbridge*, 2023 WL 4986412, at *6 (same). "Rule 60(b)(4) strikes a balance between the need for finality of judgments and the importance of ensuring that litigants have a full and fair opportunity to litigate a dispute." *Espinosa*, 559 U.S. at 276; *see also Bainbridge*, 2023 WL 4986412, at *6 ("We have long emphasized that Rule 60(b) strikes a 'delicate balance' between

**CONCLUSION**

For the reasons discussed above, I respectfully **RECOMMEND** that the Motion [DE 77] be **DENIED**.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Cecilia M. Altonaga, United States District Judge.  Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice.  *See* 28

---

the court's obligation to do substantial justice and the 'sanctity of final judgments.'" (citation omitted)).

Here, accepting Defendants' version of events as true, Defendants were notified that the Offer of Judgment was served on the day it was served.  *See* [DE 77-2].  However, Defendants provide conflicting information as to whether they learned that Final Judgment was entered from their former counsel (who served the Offer of Judgment) or whether they only found out about the Final Judgment "a few months" after it was entered.  *Compare* [DE 77-1] ¶ 12, *with* [DE 84-1] ¶ 4.  At any rate, it is evident from the record that Defendants would have learned of the Final Judgment no later than September 2022, when a new attorney appeared on their behalf in this case and appealed the Court's order awarding attorney's fees to Plaintiff.  *See* [DE 64, 65, 67].  Yet, Defendants did not file their Rule 60(b)(4) Motion for an additional 10 months.  And the sole reason they provide for not doing so sooner is that they were "not informed of [their] legal right to move to vacate the judgment until much later." [DE 84-1] ¶ 5.  Notably, the Eleventh Circuit has found that similar delays in filing a Rule 60(b)(4) motion resulted in a waiver of the right to object to any denial of the right to be heard.  *See Stansell v. Revolutionary Armed Forces of Colombia*, 771 F.3d 713, 737 (11th Cir. 2014) ("Because Herrera knowingly sat on his rights for nine months before filing anything at all with the district court, he waived his right to object to any defects in the service of process or to any denial of his right to be heard."); *see also B.T. by & through Thompson v. Target Corp.*, No. 17-CIV-60871, 2020 WL 5542066, at *5 (S.D. Fla. Sept. 16, 2020), *aff'd*, 861 F. App'x 325 (11th Cir. 2021); *Zeron v. C&C Drywall Corp., Inc.*, No. 09-60861-CIV, 2020 WL 13420869, at *2 (S.D. Fla. Mar. 16, 2020) (noting that "the Eleventh Circuit has held that periods of nine and eleven months exceeded Rule 60(b)(4)'s 'very generous timing considerations'").  Thus, granting Rule 60(b)(4) relief here – even if it were permitted – would effectively and impermissibly "provide a license for litigants to sleep on their rights." *Espinosa*, 559 U.S. at 275.

U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Fort Lauderdale, Florida this 31st day of August 2023.

Jared M. Strauss
United States Magistrate Judge